

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2007

# Softa v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4128

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Softa v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1632.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1632

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4128

FILIP SOFTA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
BCIS DISTRICT DIRECTOR,

Respondents

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A96-253-294
Immigration Judge: Eugene Pugliese

Submitted Under Third Circuit LAR 34.1(a)
December 4, 2005

Before: RENDELL and AMBRO, Circuit <u>Judges</u>,
and BAYLSON*, District Judge.

(Filed: February 14, 2007)

———————————

\* Honorable Michael M. Baylson, Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Filip Softa, a native and citizen of Albania who fled to the United States in 2002, petitions for review of the denial by the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ denied these claims because Softa's evidence was neither credible nor sufficient regarding the elements of these claims. Subsequently, the BIA entered an order adopting the opinion of the IJ. After a thorough review of the administrative record, we conclude that the IJ's decision was supported by substantial evidence, and we will accordingly deny the petition for review.[1]

We review the IJ's determination when the Board has affirmed the IJ without reasoning of its own. *See Dia v. Ashcroft*, 353 F.3d 228, 240 (3d Cir. 2003) (en banc) ("[W]here the BIA directs us to the opinion and decision of the IJ who originally assessed

---

[1] Additionally, Softa complains of the BIA's affirmance without opinion procedure, complaining that it constituted a violation of his Fifth Amendment due process rights. We need not address this due process argument here, as we have previously determined that the regulations providing for streamlining of cases by the BIA do not violate due process. *See Dia v. Ashcroft*, 353 F.3d 228, 240 (3d Cir. 2003) (en banc) ("Certainly, the BIA could have articulated its reasons for affirming the IJ's order, but just because it had the power to do so, does not mean the Constitution required it to exercise that power.").

[the] application, we review the IJ's opinion."). We review the IJ's determination for substantial evidence. *Dia*, 353 F.3d at 247.

Substantial evidence "is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established." *Id.* at 248 (quoting *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)). "The Court will uphold the agency's findings of fact to the extent that they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (quoting *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001)). Adverse credibility findings are reviewed for substantial evidence. *Id.* "We cannot overturn a credibility finding simply because we would reach a different opinion; rather, we must find that 'any reasonable adjudicator would be compelled to conclude the contrary.'" *Shardar v. Ashcroft*, 382 F.3d 318, 323 (3d Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). "If the IJ's conclusion is not based on a specific, cogent reason, but, instead, is based on speculation, conjecture, or an otherwise unsupported personal opinion, we will not uphold it because it will not have been supported by such relevant evidence as a reasonable mind would find adequate." *Dia*, 353 F.3d at 250.

In order to succeed on an asylum claim, the petitioner must show he is unable or unwilling to return to his county of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). The petitioner must "show that he

3

has a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility." *Abdille v. Ashcroft*, 242 F.3d 477, 496 (3d Cir. 2001). This may be based either upon past persecution, evidence of country conditions, or other facts in the record indicating the likelihood of persecution upon return. In order to be eligible for withholding of removal, the petitioner must demonstrate that it is more likely than not that his life or freedom would be threatened in his country of return because of the his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. 1231(b)(3)(A). Similarly, with respect to the CAT, the petitioner must demonstrate that torture is more likely than not to be inflicted (for whatever reason) upon his return. 8 C.F.R. 208(c)(2).

Here, the IJ heard testimony from Softa with respect to instances of purported persecution based upon his political views. Softa testified that he had been an active member of the Democratic Party in Albania since 1992 and was a member of the board of the Party and active in its affairs and organizing activities. In March 1997, according to Softa, Communists began killing members of the Democratic Party and during that month he was attacked after leaving a rally by three persons who wore masks. He was beaten and his arm was broken. He did not know his attackers and they did not speak during the attack. He went to a doctor and reported the incident to the police but nothing was done. He testified that a few months thereafter he was attacked and held by the police for three days. The stated month of this attack was different on his I-589 from what he testified,

and he indicated that the information on the I-589 was not correct. Softa also testified that in September of 1997 explosives destroyed the second floor and windows and doors of his house. Softa stated that he left Albania in November 1997 and went to Greece, where he stayed for one year before returning to Albania. Softa claimed that thereafter he went into hiding until he obtained a visa to leave in 2002. He testified that he would rather stay in prison in the United States than go back to Albania where his wife and children live.

Softa was the only person to testify in support of his claims, and the IJ found that testimony vague, contradictory, lacking in detail, and ultimately not credible. Softa's asylum claim boiled down to two incidents: the beating by the three masked men and the bombing of the second floor of his house. In Softa's description of the beating, there was no indication of who attacked him, the attackers' political motivation, or their membership in the government or a political party. The same was true with regard to the bombing of his home. There were simply no facts to suggest that the bombing was politically motivated or that politically motivated attacks would occur if Softa returned to Albania. The IJ found the testimony to be "erratic [and] inconsistent," in light of inconsistencies with respect to the severity of his injury (was it a bruised arm or a broken hand); his travel records (was he in Greece or was he not); the facts surrounding the bombing (was it his uncle's home, his home, or his grandfather's home); and other inconsistent statements.

The IJ also noted that, according to Softa, he had returned to Albania on two occasions between 1997 and 2002 and managed to live in Albania for what appears to have been four years apparently without any incident. Though Softa claimed he was in hiding, the IJ found that this counseled against the likelihood that Softa would be persecuted on his return.

Moreover, the IJ noted that while there may have been problems in Albania in 1997, the Government had submitted documentation indicating that membership in the Democratic Party in 2006 is unlikely to lead to persecution by the government or the police. The country conditions note that the Democratic Party is a legitimate political party that is free to campaign and carry out lawful activities.

In light of the lack of proof of political motivation behind the two attacks cited by Softa, his inconsistent statements, and the information before the IJ and the Court regarding Albania's country conditions, the IJ's decision to deny asylum was supported by substantial evidence. Taking the record as a whole, the IJ's conclusions are "'supported by reasonable, substantial, and probative evidence.'" *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (quoting *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001)). As the standard for asylum requests is lower than that for withholding of removal, the IJ was correct to deny that claim as well. Similarly, there was no evidence that it was more likely than not that Softa would be tortured if returned to Albania.

For the reasons stated above, the BIA's order affirming the decision by the IJ will be affirmed and the petition for review denied.